IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 00-120 |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS GRASS | : | |
| a/k/a NICKY GRASSO | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    JUNE 25, 2008

I.   BACKGROUND

        Defendant Nicholas Grass, a/k/a Nicky Grasso, was
convicted of conspiracy to distribute methamphetamine in
violation of 21 U.S.C. § 846, obstruction of justice in violation
of 18 U.S.C. § 1503, and aiding and abetting in violation of 18
U.S.C. § 2.  Grass was initially sentenced to 204 months
imprisonment on July 15, 2002, and then re-sentenced pursuant to
Booker to 188 months imprisonment on September 7, 2005.  Before
the Court is Grass's motion seeking a recommendation from the
sentencing judge to the Bureau of Prisons ("BOP") to exercise its
discretion, pursuant to 18 U.S.C. § 3622(c), to allow him to
engage in a work release program.[1]

_____

        [1]   Counsel for Grass submitted the request by letter of
June 16, 2008.  The Court will construe the letter as a motion
requesting the sentencing judge to recommend work release for a
sentenced inmate.  The Court notes that Grass does not appear to
have consulted with the Government or the Probation Office as to
the propriety of work release, in that there is no indication
that a copy of the letter was sent to the Government or Probation
Office.  Nonetheless, the Court will overlook this oversight
because the motion will be denied on its merits.

II.  MOTION FOR WORK RELEASE RECOMMENDATION

Grass requests that the Court "recommend to the Bureau of Prisons that it exercise its statutory authority to allow [him] a program of work release, as provided in 18 U.S.C. § 3622(c), during the balance of his sentence."  Def.'s Mot. 1.

    A.   <u>Legal Standard</u>

The relevant statute provides in pertinent part:

<u>The Bureau of Prisons may release</u> a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in [sic] him, by authorizing him, under prescribed conditions, to--

. . .

(c) work at paid employment in the community while continuing in official detention at the penal or correctional facility if--

(1) the rates of pay and other conditions of employment will not be less than those paid or provided for work of a similar nature in the community; and

(2) the prisoner agrees to pay to the Bureau such costs incident to official detention as the Bureau finds appropriate and reasonable under all the circumstances, such costs to be collected by the Bureau and deposited in the Treasury to the credit of the appropriation available for such costs at the time such collections are made.

18 U.S.C. § 3622(c) (emphasis added).

As does the statutory text, the legislative history of the statute confirms that the decision to award work release is within the sole discretion of the BOP:

> The Committee does not intend that work release under this subsection be expanded to the extent that it develops into a device for early release from prison. . . . [T]emporary release under subsection[ ] . . . (c) is within the discretion of the Bureau of Prisons; there is no absolute right to work release or other outside privileges.

S. Rep. 98-225, at 143 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3326 (emphasis added).


B.   Discussion

Grass acknowledges the BOP's exclusive discretion to decide whether he should be designated for work release, but argues that a recommendation from the Court is appropriate under the circumstances of this case.  He argues that work release is governed by the furlough regulations, which provide that no furlough (or work release) is permitted until an inmate has no more than two years remaining to serve.  See 28 C.F.R. § 570.34(e)(3) ("The Warden may approve a day furlough for an inmate with two years or less remaining until the inmate's anticipated release date.").  Although Grass has well over two years remaining until his release date, he argues that an exception is warranted because his wife is suffering from cancer,

but is supported only by Supplemental Security Income, and thus Grass's work release and the attendant healthcare coverage will enormously benefit his wife.

On its face, Grass's situation is sympathetic; however, the inquiry must begin by determining whether it is proper for the Court to make a recommendation under these circumstances. Neither the statutory text nor the legislative history of § 3622(c) states that the Court should play such an advisory role.

Rather, those authorities make clear that the decision is one for the sole discretion of the BOP.  See 18 U.S.C. § 3622(c) (providing that the "Bureau of Prisons may" place a prisoner on work release); S. Rep. 98-225, at 143 (providing that "temporary release under subsection[ ] . . . (c) is within the discretion of the Bureau of Prisons").  Similarly, even assuming that the regulations governing furlough are applicable here, they do not create an advisory role for the Court, providing only that "[t]he Warden may approve a day furlough" in his or her discretion.  28 C.F.R. § 570.34(e)(3).  Two policy reasons come to mind why sentencing judges were advisedly left out of this procedure by statute and regulation.  One, leaving sentencing judges out protects the courts from recurrent requests by inmates for recommendations for furloughs.  Two, after sentencing, the sentencing judge would have little basis, other than the presentence investigation report and what occurred at sentencing,

-4-

for the recommendation.

Section 3622 is to be contrasted with the adjacent section, 18 U.S.C. § 3621, which governs the BOP's determination of the place of imprisonment.  As with § 3622, the BOP is vested with the sole discretion to determine a prisoner's place of imprisonment.  See id.  However, § 3621 expressly provides that the BOP shall consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate."  § 3621(b)(4)(B); see also S. Rep. 98-225, at 141-42, as reprinted in 1984 U.S.C.C.A.N. at 3324-25 ("In determining the availability or suitability of the facility selected, the bureau i[s] specifically required to consider such factors as . . . any recommendations as to type of facility made by the Court.").

Thus, in contrast to § 3622, § 3621 expressly requires the BOP to consider the Court's recommendation with regard to the place of imprisonment.  If Congress had intended for the BOP to also consider the Court's recommendation with regard to work release, it could easily have said so in § 3622, but it did not.[2]

_____

[2]     The Court's research has revealed only one reported decision discussing § 3622 in any detail.  See United States v. Harris, No. 02-385, 2004 WL 350171 (E.D. Pa. Feb. 10, 2004).  In Harris, the court denied a motion to correct sentence for lack of subject-matter jurisdiction.  Id. at *1.  In dicta, the court briefly discussed the appropriateness of work release for the defendant.  The court further noted that it had "recommended" to the BOP that the defendant "be placed in a half-way house so that he may participate in a work release program."  Id.  This

While, as a matter of grace, the BOP would undoubtedly consider the sentencing judge's recommendation, because Congress has placed absolute discretion in the hands of the BOP and has not invited the Court to inject itself into the work release calculus under § 3622(c), it is not appropriate for the Court to make such a recommendation here.[3]

III. CONCLUSION

Accordingly, Defendant's motion requesting the sentencing judge to recommend work release will be denied.

An appropriate order follows.

_____

recommendation, however, was made pursuant to § 3621, not § 3622. See id. at *2 ("I am recommending that you be placed in a halfway house, and I don't see any reason why that can't be.  But that depends on a number of factors, including the availability of a halfway house and the availability of a job to go along with it.").  In fact, the court noted that the "determination [under § 3622(c) of whether a work release program is proper] is vested with the BOP, not this Court."  Id.

[3]     If the Warden himself were to request a recommendation in a specific case, of course, a different result might obtain.

-6-

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
UNITED STATES OF AMERICA      :     CRIMINAL ACTION
                              :     NO. 00-120
       v.                     :
                              :
NICHOLAS GRASS                :
a/k/a NICKY GRASSO            :
```

## O R D E R

AND NOW, this **25th** day of **June, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendant's motion requesting the sentencing judge to recommend work release is **DENIED**.

AND IT IS SO ORDERED.

**S/Eduardo C. Robreno**
**EDUARDO C. ROBRENO, J.**